United States Court of Appeals for the 11th circuit. Hear ye, hear ye, hear ye. The United States Court of Appeals for the 11th circuit is now open according to law. God save the United States and this honorable court. Thank you Miss Tisa and good morning to council. It's my pleasure this week to sit with Judge Grant and Judge Andrew Brasher. We wish we could be together with you in Miami but we hope that day's not too far away. I think we have experienced council who is familiar with our stoplight timing system. I'm going to try and enforce it and so with that I think we're ready for the first case. So United States of America versus Fabian Perpall. I'm sure you'll correct my pronunciation because I suspect it might not be right. You're muted. Good morning your honor. Good morning. Tim Cohn here on behalf of Fabian Perpall. Even before the start of the trial in this case it was clear that evidence of Perpall's prior firearm convictions was entirely irrelevant as to both counts of the indictment and therefore inadmissible under rule 404b prove that Perpall was guilty of being a felon in possession of a firearm. As to count one the government would rely solely on the testimony of a shooting victim Tavares Odom that he was severely wounded by shots fired at him in close range by Perpall. There was no question as there can be in some cases whether the firearm was a fake. The victim was in the hospital after the incident with gunshot wounds. There was no question whether the defendant knew how to handle a firearm. The victim testified that the defendant deliberately targeted him and shot him and there could be no question that Perpall knew that he was a convicted felon and that because of and knew that because of this status he was prohibited from possessing a firearm. Perpall so stipulated before trial. This stipulation also applied to count two the government would rely on ballistics evidence to show that the gun found in plain view in an automobile an automobile which Perpall did not own or use was the gun the same gun used a few days earlier to fire the shots that wounded Tavares Odom. Once again there could be no question that this gun was a fake or that the person who handled it didn't know how to handle a firearm. Further the gun was found by police in plain view on the center console of the motor vehicle so there could be no question as there can be in some cases where a firearm is found hidden underneath a car seat or inside the glove compartment that whoever was just seen driving that vehicle knew that he was in possession of a firearm. Did your client stipulate to knowledge or intent? I don't think that he did right? No the defense was that and before trial the defense had filed a notice of alibi and the count one or who was seen by police in a high-speed chase as charged in count two. As to count one at trial several defense witnesses testified that on the date of the shooting Perpall was with them at a family gathering. As to count two Perpall himself took the stand and testified that he was not in the motor vehicle. What do you say what do you say about this case? So United States versus Jernigan where we said quote by pleading not guilty a defendant places his knowledge at issue in quote and then we said quote logic there's a logical connection between a convicted felon's knowing possession at one time and his knowing possession of a firearm at another time in quote and we allowed this kind of previous conviction to come in in that case. Judge Brasher Jernigan is the type of case I was alluding to a moment ago actually the specific case where the firearm is found hidden underneath I think the underneath a seat in that case. So that's the kind of case where the where the prior firearm conviction can be introduced to show prior knowledge and current knowledge that person was in possession of a firearm but this is not Jernigan and well I understand that distinction I guess I understand that that argument but I guess my concern is that in Jernigan we said by pleading not guilty a defendant places his knowledge at issue and it seems like the line that you're suggesting we draw is that sort of a coda to that by pleading not guilty and not asserting an alibi defense or some other defense a defendant places his knowledge at issue I mean what do you say about the idea that look once once you pled not guilty it was the government's possession of the firearm no matter what your defense. Right Judge there's a as you can imagine I've given your question some thought already the in the gray case that's cited in our briefs the this court it's an unpublished case but it uses the very helpful phrase anticipated trial defense in in connection with evaluating whether or not the 404b evidence should come in under the first prong of its analysis and if one looks at this court's decisions again and again it specifically in analyzing the 404b issue refers to the defendant's defense in Ellesore which is in the government's brief the this court says Ellesore's defense was and it goes on to describe it and goes on to show to say why the prior conviction would be relevant in Jernigan the case you just mentioned Judge the court notes that in a prior case Gomez the prior conviction came in to rebut Gomez's claim so again it's rebutting a defense in United States versus Garrett a decision of just last year the opinion says and Garrett's main defense was and it goes on to describe the defense and why the 404b evidence counters that in Griffin two years ago the crux of Griffin's defense was that he did not etc and that again is used so as a practical matter Judge what I would say is that while I read the same words you just did in the opinion in reality what the what this court does is to look at the anticipated trial defense and analyze how the prior conviction would is is admissible in order to as the Gomez opinion put it rebut that defense and then I understand the distinction that you're raising but the jury could believe or disbelieve the alibi defense and if they disbelieve the right and so why wouldn't this evidence go towards the government's proof of all the elements of the crime if assuming once they show that he was there if the if the jury disbelieves the alibi offense they the government still has to show knowledge right right Judge but as I mentioned in my opening remarks the knowledge element of 404b as I'm sure your honor is aware is extremely limited it's limited to the recent rehafe decision of the Supreme Court which is to show that the defendant knew that he as a prior for given his status was not was prohibited from possessing well that's that's not entirely true because this is a down with the project account too it's a constructive possession case just you know there is he wasn't found with the gun and so there was an element that the government had to prove that it was the knowing possession of the gun it wasn't an accidental possession where you know you like you say you drive your grandmother's car and she's got a shotgun in the in the back seat or something weird like that um so with count two isn't there some element where the government would have had to prove that it wasn't sort of accidental possession that he was just driving this car I don't think so judge because again as I mentioned in my opening remarks the gun is found in plain view right there on the center console so this is not a this is not a case where the defendant said I didn't know there was a gun in the in the trunk of my grandmother's car in addition there's no evidence tying the defendant to that car no dna no fingerprints um so you know the the and in addition he had filed an alibi defense indicating that the defense was not I didn't know there was a gun in the car his defense was I was not in that car and when that's the defense it becomes a violation of rule 404b to tell the jury as unfortunately the prosecutor did in this case in closing argument um in trying to decide whether or not the defendant was accidentally at the scene of the crime you can consider the prior convictions that's wrong that's incorrect that is not why a prior conviction comes in that's saying he did it before so he must have been in that car that's that is not a correct statement and and unfortunately it it means that this conviction uh was uh was wrongly obtained and this court should reverse it let me ask you one final question if I may which is that the defendant testified in the case um wouldn't wouldn't have these convictions have come in and didn't didn't at least the convictions couldn't have come in in cross-examination during testimony good question judge brasher the government that the analysis of that cross-examination would be an application of a different rule which is rule 609 as I'm sure your honor is aware the government's brief does not cite rule 609 so for you for your honor for this court to reach 609 would be to reach an argument that the government has frankly waived but in addition on the merits the judge in this case uh would have informed the defendant before he took the stand and to his credit this trial judge did this um listen I have kept out your prior convictions so far during this trial because I have a sound understanding of rule 404b but I got to tell you you take the stand I may let this conviction in that conviction in all of your conviction in none of them in we don't know how the trial judge would have ruled and we also don't know how the defendant would have reacted in say the worst case scenario where he's told all your convictions are now coming in perhaps the defendant does not take the stand and relies on his trial lawyers cross-examination of the police officers to show that he was actually never in that car after all this was a high-speed chase at night perhaps the officers didn't really identify the the driver correctly there's room for reasonable doubt let's put it that way thank you well um you've saved some time for rebuttal so we'll hear from you again Mr. Dion morning honors may it please the court Scott Dion on behalf of the United States this is a case about a district judge relying on the court this court's guidance both published and non-published in making the type of 404b decision that arises regularly in felony possession cases and particularly where constructive obsession is an issue so the operative question here is whether the district court made a clear error of judgment in allowing the prior convictions in when this court's cases indicated yes and when in light of the facts known to the district court at the time of admission the prior convictions otherwise fell within the bounds of 404b um Mr. Purpell heading into trial denied the elements of the offense he pled not he only stipulated to the knowledge of status element and so I don't believe it's a controversial point to say that heading into trial it's the government's burden to prove beyond a reasonable doubt all the elements that Mr. Purpell did not deny now Mr. Purpell seems to flip positions here because during his opening statement he made that the central issue of his case although he did prior to trial notice now by defense during his opening statements he called this a police evidence case he said the police evidence is going to be inconclusive as to each of the counts and as to count two he said count two is based on inconclusive police evidence and the lack of physical evidence other than the presence of a gun in the car which purpell which he noted was stolen and so his defense as far as Mr. Dionne Mr. Dionne Mr. Dionne this Beverly Martin um speaking of flipping positions um you know we see this 404b issue come up over and over and over again in these um prosecutions and so uh I don't you were not there at trial I guess right no yeah so at prosecutor says we really need this 404b evidence because this is a highly circumstantial case um this I'm quoting from the transcript this is a case with essentially one eyewitness only uh and only police officer testifying you know only one um police officer testifying on and on and so you win your motion because I mean the the government wins the 404b motion they get to bring the stuff in and then on appeal you know you argue even if the court shouldn't have let it in um it was harmless error because we had such a strong case you know your briefs this was a substantial there's substantial evidence in this case the defendant's guilt I mean do you worry about that you know calling in to question the credibility of the government and because we we see this over and over and over again and you go on you know for pages listing how much evidence there was so we really didn't need the 404b evidence to begin with I mean does that do you have any concerns about that right and I I respectfully I don't your honor and it's because the um analyses are different the calculuses are different so with respect to harmless error that's a backward looking calculus and you ask does the record as a whole contain substantial evidence of the defendant's guilt is it is it your position that the that the trial lawyer didn't know what the evidence was going to be well it's our position that the trial lawyer uh unexpectedly you know there was a notice of alibi defense before trial during opening statements every all signs pointed to not an alibi defense but a lack of evidence defense and so the the AUSA knew who the witnesses were going to be because presumably you know the AUSA had subpoenaed them right I mean to say the AUSA was surprised by the evidence strikes me as a tough argument to make by the alibi defense or by the government's evidence because what I'm saying is the government tried the government tried the case it has in front of it and during opening statements the alibi defense was not mentioned once neither by the government nor the defendant and the defendant frankly made the central issue of the case the government's evidence and so yes the government at the time was worried about um a lack of connection between the firearm because there was a lack of forensic evidence and um Mr. Perpel but as it turns out Mr. Perpel once he took the stand was a pretty incredible witness um he uh and and the jury let me ask you let me ask you a question about about that sort of tangentially related to what um Judge Martin was talking about so I understood what the government was saying at the beginning of the case to be this is not a case where we found this guy with a gun on him this is a circumstantial evidence case and distinguishing this from a case where you know the typical felon in possession case where you find the guy who's got the gun on him um in a case and I think that's I think that's the line the government was drawing there to say that's why this would be relevant I guess my question is is that really true um because of what Mr. Perpel has argued Mr. Cohen has argued that this is not a situation where there was constructive possession at issue this was a situation where the gun was visible in the car and is that a line that we should draw well the government would maintain that constructive possession was at issue I mean first of all like I said in opening statements they were denying um the fact that there was DNA evidence fingerprint evidence on the gun they mentioned that it was in a stolen car so it's the government's burden to prove that Mr. Perpel intentionally and voluntarily exercised control over the gun and with just circumstantial evidence I mean yes it was in plain view with just circumstantial evidence you're leaving open the defendant saying in closing the government hasn't you know there's no DNA evidence there's no fingerprint evidence this was found in a stolen vehicle the government hasn't proven that I exercised control I the defendant exercised control over this gun so would the line be different and I guess this goes to this issue I mean would the line be different if this were a not a constructive possession case so if this were a case where for example just count one was at issue where it was not constructive possession it was either he shot the guy or he didn't would you concede that in that kind of case this evidence would not be relevant to anything it might I would respectfully I wouldn't concede that and I would say it might be relevant but under the 403 analysis it might not be very appropriate and and that's where we really get to the issue of whether this evidence should come in or not because it's about prosecutorial need it's about the overall similarity between the extrinsic act and the charge of defense and it's about the remoteness of the extrinsic convictions and so even in your standard found in possession case I'd say based on Jernigan that evidence would be relevant for a non-preventive issue well what would it be relevant for I mean absence of mistake that he had the gun in his pocket or I mean exactly so the government as the jury was instructed here we have the government has to prove that it was intentional and voluntary and not because of mistake or accident and so without you know putting on as much evidence as we can into regarding the defendant's state of mind was he voluntarily holding the gun was he intentionally holding the gun and was it by mistake or accident the government leaves open those types of arguments in closing and so I would say again it would be relevant to proving those those elements but it would not be I mean it might not be admissible in your standard found in possession case under rule 403 and that's really the distinction that we're trying to make here when a defendant goes to trial and denies the elements he calls into question each element of the offense and we maintain that Jernigan and Taylor and a number of other unpublished cases squarely call this type of evidence relevant to a non-preventive issue so I mean I think the line that and so just correct me if I'm wrong if I'm misunderstanding your argument but it sounds like the line that you're suggesting that we draw is that when the defendant pleads not guilty in a constructive possession case evidence of prior possession is relevant and and not only relevant but admissible I would say generally that's true based on Jernigan and Taylor I mean and remember Taylor is not a case where the the defendant hadn't accidentally had a his grandmother's gun in the trunk of his car Taylor was the case about a defendant fleeing from police and the police witnessed him throwing a black object on the ground and this court again said that it wasn't abusive and abusive discretion to allow a prior 404b or I'm sorry prior felon in possession conviction in under 404b to prove constructive possession there and so the government yes would maintain that generally speaking if a defendant pleads not guilty in a constructive possession case the evidence is relevant and admissible if the court has no further questions the government well actually one more point about the Mr. Cohn's discussion about rule 609 on cross-examination prior to Mr. Perpow testifying there was a large a pretty long discussion about rule 609 because on cross-examination the government asked Mr. Perpow about all of his prior felonies the issue prior to his testimony was whether beyond government exhibit 17 and 18 whether the government could ask about his prior I believe it was a prior attempted murder charge and some other related charges and so there was a pretty extended discussion about rule 609 and the court evaluated all of these prior convictions including government exhibit 17 and 18 and said look beyond those it's cumulative on cross so I just wanted to point that out because in case this reaches the point of harmless error I believe these convictions would have come in under rule 609 on cross-examination if the court has no further questions the government would rest on its briefs and ask that you affirm the convictions thank you Mr. Cohn yes Judge Martin first I think just as a I should let the court know that the position that just because a defendant pleads not guilty the evidence comes in has been rejected in a number of circuits squarely with the circuits pointing out that that would eviscerate not my the opinions words that would eviscerate rule 404b so are you sure about that I think those cases that you're citing are cases where the the convictions come in to show that the um that the defendant is a felon they're not convictions that would come in to show intent or mistake or something like that I mean here here the the conviction is only relevant not to show that he's a felon but to show intent or mistake are you sure that there are courts that have said that I am sure yeah okay what courts what courts have said that I will I think the seventh circuit has said that I know the seventh circuit has said that and I believe either the eighth or the tenth circuit said that by the way it's I should note this is not to my mind a difficult matter if you say every defendant who pleads not guilty I'm just I'm just looking at your brief I don't see any I understand your citations to those circuits um but um and I'm happy to file supplemental authority if that would be helpful to the court the the uh I want to get back to the constructive possession uh question uh because uh it seems to me that if you the reason that constructive possession opens the door a little bit to prior convictions coming in under rule 404b is the as constructive possession looks at whether the defendant had the intent to possess the firearm and so this question of intent comes up because of constructive possession and therefore um arguably under 404b the prior conviction comes in to show intent but it's not the fact that constructive possession involves circumstantial evidence that justifies 404b to the contrary the very reason that 404b exists is to prevent an improper inference an improper inference by the jury and circumstantial evidence is evidence that invites inferences so the I want to make that point here um Taylor is the case that um mentioned by opposing counsel in Taylor the defendant was seen dropping an object and so it was conceivable that his defense I say conceivable because Taylor has one paragraph on the 404b issue but conceivably what the court had in mind was that the defendant did not know that the object the defense would be that he didn't know that the object he was dropping was a firearm here though as to count one there's no question that it's a firearm the gun's being fired and and and it's severely wounding the person as to count two it's the gun in plain view the same gun in plain view in an automobile so there's no question that the defendant know whether it was a fake gun a real gun a gun a gun that he could handle so under both counts the do you think that most defendants in a constructive possession case would say that just because the gun is in plain view they obviously knew that it was a real gun and intended to possess it I think that would be a an unusual argument for a defendant with a cases in this court are cases where the gun is not in plain view and the question is did the defendant know in the in the 922 g sense of the word no that there was a gun in his or her possession and so the prior conviction comes in to say yes chances are he would have known since he was previously convicted but here we don't have that situation the gun's right there in the automobile and the question is do we believe the police or do we believe the defendant as to whether or not he was in that automobile it is incorrect and a serious error of law to allow a jury to draw an inference from a prior conviction to resolve who is telling the truth it's simply holding the propensity of the defendant to commit the crime as a way of discrediting his testimony thank you your honors I see my time is up thank you Mr. Cohn we've got your case and we appreciate the argument from both counsels very helpful